UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. 23-CR-160 (38) (NEB/JFD)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION** |
| | ) | **TO REOPEN DETENTION** |
| v. | ) | **HEARING** |
| | ) | |
| Ja'darius Wright, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Ja'darius Wright's Motion for Reconsideration of Detention Pursuant to 18 U.S.C. § 3142(f)(2)(B) and Demand for Speedy Trial. (Dkt. No. 923.) In support of his Motion, Mr. Wright points to his acceptance into addiction treatment at Minnesota Teen Challenge, his own projections about how long it will be before his case gets to trial, his commitment to his family and community before he was arrested, and his good behavior in jail. The United States opposes the Motion, arguing that Mr. Wright has not met the evidentiary prerequisite the law requires for reopening a detention hearing—the presentation to the Court of information that was not known at the time of Mr. Wright's original detention hearing and that is material to the question of detention. (Dkt. No. 981.) Because the Court agrees that the legal standard for reopening a detention hearing has not been met, Mr. Wright's Motion for reconsideration of detention is denied. His motion for speedy trial is also denied, for the reasons set forth below.

**A. Procedural History**

On April 26, 2023, a grand jury of the District of Minnesota returned an indictment targeting the Highs, alleged by the grand jury to be a racketeering enterprise that controlled the illegal drug trade in parts of the north side of Minneapolis and that protected its control with violence. Twenty-five defendants were charged in this indictment, 20 of them with racketeering conspiracy (Dkt. No. 12). Investigation apparently continued, because on November 8, 2023, the grand jury returned a Superseding Indictment (Dkt. No. 450) charging 13 additional defendants, among them Mr. Wright, who is defendant number 38.

Mr. Wright was arrested in the District of Arizona and on November 17, 2023 appeared in Phoenix for a detention hearing before a U.S. Magistrate Judge. The parties agreed with the Court that a rebuttable presumption of detention applied because probable cause existed to believe that Mr. Wright had committed an offense for which a maximum term of imprisonment of ten years or more was prescribed by the Controlled Substances Act. (Det. Hr'g Tr. at 3, Dkt. No. 942)[1]; 18 U.S.C. § 3142(e)(3)(A). United States Probation and Pretrial Services in the District of Arizona recommended release on conditions. (Det. Hr'g Tr. at 5.)

Although the magistrate judge in Phoenix noted the presence of a firearm in Mr. Wright's truck when he was arrested, she also noted that there was no evidence Mr. Wright

---

[1] The transcript of the Arizona detention hearing is filed under seal with this Court. The Court finds the descriptions of portions of that transcript in this Order to be of information that is not confidential. In some instances, the Court has found that details must be omitted in order that the material in this Order is not confidential. For example, the Court finds it is not confidential that U.S. Probation recommended release of Mr. Wright on conditions, but has not revealed the recommended conditions.

was prohibited from possessing a firearm. (Rule 5(c)(3) Docs. at 2, Dkt. No. 526; Det. Hr'g Tr. at 9.) The magistrate judge also stated on the record that "[w]e do not have any substance abuse concerns with respect to this defendant." (Det. Hr'g Tr. at 9.)

The magistrate judge found that Mr. Wright had not rebutted the presumption of detention.  (Det. Hr'g Tr. at 10; Rule 5(c)(3) Docs. at 1.) The magistrate judge went on to find that the detention hearing record established by a preponderance of the evidence that Mr. Wright was a flight risk. (Rule 5(c)(3) Docs. at 1; Det. Hr'g Tr. at 10.) The magistrate judge also found by clear and convincing evidence that Mr. Wright was a danger to the community, primarily because Mr. Wright was alleged to be a large-scale trafficker in fentanyl, which "itself . . . is a danger to the community." (Det. Hr'g Tr. at 10.) The court then ordered Mr. Wright detained (Rule 5(c)(3) Docs. at 1; Det. Hr'g Tr. at 10) and removed to the District of Minnesota (Rule 5(c)(3) Docs. at 4). Mr. Wright now brings this Motion to reconsider detention.

## B.  Applicable Legal Standards

In certain limited types of cases (listed at 18 U.S.C. § 3142(f)), a federal court may detain a defendant without bail until trial if the court, after a hearing, finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, or by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance in court as required. 18 U.S.C. §§ 3142(e), 3142(f)(2). A person ordered detained may obtain review of the detention order by filing a motion for revocation or amendment of the order with the court having original jurisdiction over the

offense. 18 U.S.C. § 3145(b). The person may also ask to have the detention hearing reopened. A court will reopen the hearing if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

**C. Discussion**

Mr. Wright seeks to reopen his detention hearing under 18 U.S.C. § 3142(f), claiming that his acceptance into Minnesota Teen Challenge is new evidence, not known at the time of his detention hearing in Phoenix, that has a material bearing on the question of release. The United States responds that an assertion now by Mr. Wright that he needs chemical dependency treatment is inconsistent with his statement to U.S. Probation and Pretrial Services in Phoenix that he has no chemical dependency or mental health issues. (Gov't's Opp'n at 2, Dkt. No. 981.) The United States argues that because Mr. Wright did not previously say he needed addiction treatment there is a "lack of need for any type of treatment." (*Id.*) If Mr. Wright does not need treatment, the United States concludes, then his acceptance into an addiction treatment program cannot be material. (*Id.*)

The Court concurs and finds that not only is Mr. Wright's recent claim of chemical dependency concerns inconsistent with what he told U.S. Probation, but also with the detention hearing record, in which Mr. Wright's Arizona counsel did

4

not tell the court of any addiction problems, as well as with the statement by the magistrate judge at the Arizona detention hearing that she had no concerns about Mr. Wright having chemical dependency issues.

In addition, any chemical dependency concerns were known to Mr. Wright at the time of his detention hearing. The Court observes that if Mr. Wright has addiction issues now, he also had addiction issues at the time of his detention hearing in Phoenix, meaning that addiction issues were known, at least to Mr. Wright, at the time of his detention hearing. That Mr. Wright has addiction issues cannot therefore be information that was not known when he had his detention hearing, and 18 U.S.C. § 3142(f)(2)(B) allows a detention hearing to be reopened only if a movant brings previously unknown information to the Court's attention. For these reasons, the Court will not reopen the detention hearing because Mr. Wright has been accepted into Minnesota Teen Challenge.[2]

Mr. Wright also claims that the detention hearing should be reopened because the complexity of this case means "this case will likely not go to trial for years." (Def.'s Mot. at 5.) This claim, which Mr. Wright does not expand upon, is unfounded and speculative. Both the undersigned and the district judge on this case are working hard to move this case efficiently. In another large, complicated criminal case ongoing in the District of Minnesota, before the same district judge as in this case, a motions hearing was held on August 21, 2023 and the case is currently in trial.

---

[2] Mr. Wright makes no claim that he had no addiction issues before he was arrested but has developed such issues since then.

*United States v. Farah*, No. 22-CR-124 (NEB/TNL). The timeline in *Farah* is familiar to Mr. Wright's counsel, because his law firm represents defendant Farah in that case.

Mr. Wright's final claim of new and material information concerns his behavior in Arizona in the years leading up to his arrest, plus his good behavior while in pretrial detention in this case. (Def.'s Mot. at 6-8.) As to the evidence of Mr. Wright's youth football coaching, family situation, and so forth pre-arrest, such information, because it preceded Mr. Wright's arrest, must have been known at the time of the Arizona detention hearing. As to his behavior in pretrial detention, Mr. Wright has not cited, and this Court is not aware, of any federal court reopening the issue of detention and releasing a defendant on the grounds that they have behaved well in jail, which is, after all, no more than what a pretrial detainee is required to do.

### D.  Mr. Wright's Constitutional Claims

Mr. Wright asserts that his continued pretrial detention violates the Sixth Amendment's speedy trial provisions and the due process clause of the Fifth Amendment. He is wrong as to both amendments.

Mr. Wright does not contend that his detention violates the Speedy Trial Act. Nor could he; the Court, after thorough review and careful analysis, has found the time taken in this case to be necessary to allow the parties the time needed for adequate preparation. (*See, e.g.,* Third Am. Pretrial Sched. & Litig. Mgmt. Order at 2-4, Dkt. No. 666.) As to the constitutional claim, while Speedy Trial Act statutory

claims and Sixth Amendment constitutional claims are evaluated separately, "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) (quoting *United States v. Titlbach*, 339 F. 3d 692, 699 (8th Cir. 2003)).

The Supreme Court has identified four factors that courts must consider to determine if a delay has violated the constitutional right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Those factors are: "[1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992).

The first *Barker* factor is the length of the delay. "The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Johnson*, 990 F.3d 661, 670 (8th Cir. 2021) (quoting *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002)). In reviewing this factor, the Court first looks to whether the delay was presumptively prejudicial. *Id*. A delay is presumptively prejudicial if it exceeds one year. *Id*. Mr. Wright was arrested in Arizona in November of 2023. He has been detained for less than one year. The Court need not examine the balance of the *Barker* factors, as those come into play only after one year of pretrial detention. *Shepard*, 462 F.3d at 864 ("At 17 months, Straughan's delay compels us to look to the other factors in the balancing test").

Turning to Mr. Wright's claim that his detention violates his Fifth Amendment due process rights, Mr. Wright acknowledges that there is no bright-line rule as to when pretrial detention has gone on so long that it becomes a Fifth Amendment violation. He cites cases from the Second, Tenth, and Eleventh Circuits for the proposition that "at some point and under some circumstances, the duration of pretrial detention becomes unconstitutional." *United States v. Quartermaine*, 913 F. 2d 910, 917 (11th Cir. 1990); *see United States v. Taylor*, 602 Fed. App'x 713, 717 (10th Cir. 2015); *United States v. Briggs*, 697 F.3d 98, 101 (2d. Cir. 2012). Mr. Wright does not cite any Eighth Circuit case.

In *Quartermaine*, the Eleventh Circuit held that "the prospect of eight to ten months of pretrial detention, without more, does not mandate the release of a defendant for whom pretrial detention is otherwise appropriate." *Id.* at 918. The Second Circuit has held that a non-exhaustive list of the factors used to analyze the question should include "not merely . . . the total time the defendants have been in pretrial detention but also" how much of the delay the prosecution is responsible for and the strength of the evidence concerning risk of flight. *United States v. Gonzales-Claudio*, 806 F.2d 334, 340, 342 (2nd Cir. 1986). In *Gonzales-Claudio*, the Second Circuit found the prosecution had inexplicably failed to even apprise the defense of the existence of surveillance videotapes whose disclosure was required by the Federal Rules of Criminal Procedure. *Id.* at 342. The prosecution also opposed a transfer of the case to the District of Puerto Rico, where the availability of Spanish-fluent defense counsel would have made it unnecessary to take time to translate

8

voluminous wiretap evidence from Spanish to English. *Id*. Mr. Wright can point to no such prosecutorial behavior in this case.

Turning to the evidence of risk of flight, a magistrate judge in Arizona, following a hearing, found that no condition or combination of conditions would reasonably assure the presence of Mr. Wright in court when required. Although *Gonzales-Claudio* does not include the weight of the evidence on the issue of danger to the community, this Court observes that to the higher standard of clear and convincing evidence, the District of Arizona found that no condition or combination of conditions of release would reasonably assure the safety of any person or the community.

For all these reasons, the Court finds that Mr. Wright has not met his burden of coming forward with information that was not known at the time of the original detention hearing and is material to the detention issue, that his pretrial detention does not violate the Sixth Amendment, and that his pretrial detention does not violate the Fifth Amendment. The Court therefore has no grounds to reopen the detention hearing in Mr. Wright's case and his motion to reconsider detention is consequently denied.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Ja'darius Wright's Motion for Reconsideration of Detention Pursuant to 18 U.S.C. § 3142(f)(2)(B) and Demand for Speedy Trial (Dkt. No. 923) is **DENIED**.

Date:  May 22, 2024                    *s/ John F. Docherty*
                                       JOHN F. DOCHERTY
                                       United States Magistrate Judge