# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JA'DARIUS WRIGHT (38)

Defendant.

Case. No. 23-cr-160 (NEB/JFD)

**ORDER DENYING
DEFENDANT'S MOTION FOR
RECONSIDERATION OF
DETENTION AND DEMAND FOR
SPEEDY TRIAL**

This matter is before the Court on Defendant Ja'Darius Wright's second Motion for Reconsideration of Detention and Demand for Speedy Trial. (Dkt. No. 1567). While Mr. Wright comes forward with several grounds that he asserts allow his release, his paramount argument is his assertion that the length of time he has spent in pretrial detention awaiting trial is "information . . . that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of detention]." Motion at 5 (citing 18 U.S.C. § 3142(f)(2)). Although this is a motion seeking reconsideration of detention, Mr. Wright brings his motion "pursuant to the Speedy Trial Act of 1974," among other statutes, and analyses his situation using the four-part test found in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) to determine whether there has been a constitutional speedy trial violation.

The motion will be denied as both a Bail Reform Act motion and as a speedy trial motion.

## I.     THE BAIL REFORM ACT

The Bail Reform Act directs that in a limited set of cases listed at 18 U.S.C. 3142(f) a federal judicial officer may, after a hearing, order a person detained if the federal judicial officer finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the person's future appearance in court as required, or by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e), (f). The federal judicial officer evaluates the question of detention using the factors listed at 18 U.S.C. § 3142(g). Length of pretrial detention has nothing to do with either appearance in court or community safety, nor is it a listed 3142(g) factor. The length of pretrial detention is simply not cognizable under the Bail Reform Act. Because length of pretrial detention is not relevant to a magistrate judge's release-or-detain analysis, new information about the length of time a person has been detained cannot, by definition, have "a material bearing on the issue [of detention]." Mr. Wright's motion, to the extent it is brought on Bail Reform Act grounds, is denied.

## II.     SPEEDY TRIAL

The Court will also deny Mr. Wright's motion to the extent it is a speedy trial motion.

### A.  The Magnitude of this Case and the Court's Designation of it as Complex

The Court designated this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) because of the number of defendants charged, the length of time the grand jury alleged the charged conspiracies lasted, the number of overt acts alleged, and the volume of discovery.

2

(Dkt. No. 288). Twenty-five defendants were charged in the initial indictment, returned by the grand jury on April 26, 2023 (Dkt. No. 12). The criminality alleged in the indictment occurred over several years. The indictment charged a racketeering conspiracy that began in 2014. The racketeering enterprise was alleged to be a confederation of street gangs that had existed since at least 2008. Ninety-four overt acts in furtherance of the racketeering conspiracy were alleged, five of which were murders, and many others of which were serious crimes such as aggravated robbery and narcotics distribution. Count Three of the indictment alleged an 18-defendant narcotics distribution conspiracy that extended back in time to 2014. Given the designation of the case as complex, the Court excluded time until August 4, 2023 (the initial motions filing date) from the time in which this case needed to be brought to trial under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A).

Subsequent events have not caused the Court to re-evaluate the designation of this case as complex. A superseding indictment (Dkt. No. 450) was returned on November 8, 2023 that brought the total number of defendants to 39, and a second superseding indictment (Dkt. No. 820), returned on March 6, 2024, added one last defendant. The number of overt acts alleged has grown from 94 in the original indictment to 193 in the second superseding indictment, while the volume of discovery, which the United States originally characterized as "thousands of reports," now cannot be described without resorting to terabytes as a unit of measure. (Dkt. No. 1522 (describing discovery as "38,866 documents, over 6.8 terabytes of cellphone extractions, 145 hours of audio recordings, 381 gigabytes of social media returns, and over 4000 hours of bodyworn camera footage."))

The Court has held multiple, all-day motions hearings and has ruled on more than 80 pretrial motions.

**B.  The Speedy Trial Act Has Not Been Violated.**

At most six days, and more likely zero days, of the 70 days within which the Speedy Trial Act requires a case to be brought to trial have been used. As noted above, the Court originally excluded time until August 4, 2023, and extended that time in several installments until the total time excluded extended to August 21, 2024. On that date, motions were filed by eight defendants, which stopped the Speedy Trial Act clock. 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion"). Without belaboring the chronology, suffice it to say that from August 21, 2024 to the present, motions have continuously stopped the Speedy Trial Act clock. There has been no violation of the Speedy Trial Act in this case.

Mr. Wright has himself filed pretrial motions that stop the Speedy Trial clock, *see* Dkt. Nos. 1031-1036, including a substantial motion seeking the suppression of electronic evidence which remains under advisement. (Dkt. No. 1036). It is of course Mr. Wright's prerogative to challenge the constitutionality of the manner in which the evidence against him was collected, but it is awkward for Mr. Wright to make those challenges by filing clock-stopping motions while also claiming that the Speedy Trial Act has been violated, as the Court will view Mr. Wright as having chosen to file motions while aware of the Speedy Trial Act's provision excluding time attributable to pretrial motions practice.

One Report and Recommendation in this case has been filed beyond the thirty days allowed a magistrate judge to prepare an R&R. The most recent R&R in this case, at Dkt.

No. 1616, was due on Friday, December 27, 2024, but was filed on Thursday, January 2, 2025. Given the length of that R&R and the number of motions analyzed in it, the undersigned finds the additional time over the New Year's holiday reasonable, but even if a reviewing court concludes differently, only six days were consumed by this delay, meaning 64 days remain on the Speedy Trial Act clock. There has been no Speedy Trial Act violation.

### C. The Sixth Amendment's Guarantee of a Speedy Trial has not been Violated.

Nor has the Constitution's Speedy Trial clause, U.S. Const., amend. VI, been violated. The Eighth Circuit has held that "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Walker*, 840 F. 3d 477, 485 (8th Cir. 2016); *United States v. Aldaco*, 477 F. 3d 1008, 1018-1019 (8th Cir. 2007); *United States v. Titlbach*, 339 F. 3d 692, 699 (8th Cir. 2003). This case is not one of those unusual cases. Applying the *Barker v. Wingo* factors, Mr. Wright's detention has been lengthy, though far longer detention periods have been held not to violate the Sixth Amendment, see, e.g., *Aldaco*, 477 F. 3d at 1017 (case went to trial three years and four months after the original indictment was filed). Mr. Wright has also demanded a speedy trial. However, Mr. Wright does not draw the Court's attention to any way in which the passage of time, in and of itself, has prejudiced his defense, nor does he assert that the prosecution has manipulated the delay for tactical advantage. *Walker*, 840 F. 3d at 485 (finding both prejudice resulting from delay and any tactical use of pretrial delay by the prosecution to be relevant factors in a *Barker v. Wingo* analysis). As to the *Barker v. Wingo* factor of who is more responsible for the delay, the prosecution or the

5

defense, Mr. Wright asserts the novel theory that because it charged a large case, the United States bears the blame for the delay, ignoring the reality that the prosecution's charging decisions follow the facts developed during an investigation. Mr. Wright does not cite any authority in support of his request for an extension of existing law, and this Court declines to do so. On balance, and given that the Speedy Trial Act has not been violated, the Court finds that the Constitution has not been violated in this case.

### III.     MR. WRIGHT'S OTHER GROUNDS FOR RELIEF ARE NOT WELL-FOUNDED.

Mr. Wright makes several other complaints about his detention, mostly centered on what he perceives as the inadequacy of the detention process before a magistrate judge in the District of Arizona. He states, in general, that the detention hearing was held quickly (the day following his initial appearance), did not explore his situation in depth, and did not take place before a judge who understood what Mr. Wright calls "the trajectory of this case." But Mr. Wright does not explain why he did not avail himself of the Bail Reform Act's provision for a continuance at a defendant's request of up to five days to prepare for a detention hearing, does not explain why he chose to have his detention hearing in Arizona rather than electing to wait until he reached Minnesota to have that hearing, and does not explain why he did not come forward with information the Arizona court could have considered in deciding whether Mr. Wright should be detained or released on conditions. The Court finds these additional reasons unpersuasive.

For all the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Ja'Darius

Wright's Motion for Reconsideration of Detention and Demand for Speedy Trial (Dkt. No.

1567) is **DENIED**.


Date:  January 8, 2025                              *s/ John F. Docherty*
                                                    JOHN F. DOCHERTY
                                                    United States Magistrate Judge